UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>Petition of BUREAU VERITAS, etc., et al. for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 | Case No. 5:22-mc-80132-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Before the Court is Bureau Veritas Brasil's ex parte application for an order under 28 U.S.C. § 1782 granting leave to obtain discovery for use in a foreign proceeding. Petition, Dkt. No. 1. At the Court's request, Petitioners filed a supplemental brief on July 21, 2022. Supp. Brief, Dkt. No. 22. For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part Petitioners' ex parte application.

**I.    BACKGROUND**

Petitioners Bureau Veritas do Brasil Sociedade Classificadora e Certificadora Ltda., as well as its subsidiaries, BVQI do Brasil Sociedade Certificadora Ltda. and Kuhlmann Monitoramento Agrícola Ltda., (collectively, "Petitioners") are Brazilian entities seeking permission to serve subpoenas on Delaware entity Gaivota, LLC, Ram Rajagopal (Founder and Chief Scientific Advisor of Gaivota), and Alexandre Spitz (Co-Founder and Chief Executive Officer of Gaivota), under 28 U.S.C. § 1782 for use in ongoing judicial proceedings currently pending in Brazil and arbitration proceedings in the International Court of Arbitration of the International Chamber of Commerce ("ICC"). *See* Petition.

Case No.: 5:22-mc-80132-EJD
ORDER GRANTING IN PART AND DENYING IN PART PETITION TO CONDUCT
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782
1

Petitioner Bureau Veritas do Brasil Sociedade Classificadora e Certificadora Ltda. ("Bureau Veritas") and Petitioner BVQI do Brasil Sociedade Certificadora Ltda. ("BVQI") belong to the Bureau Veritas Group, which provides services relating to testing, inspection, and certification in "in various market segments such as: Agribusiness & Commodities, Banking & Insurance, Construction & Infrastructure, Energy & Utilities, Marine & Offshore, among others." Memorandum in Support of Petition ("Memorandum"), Dkt. No. 1-2 at 2. In December of 2016, Petitioners Bureau Veritas and BVQI entered into a Quota Purchase Agreement to purchase Eduardo and Leila Kuhlmanns' entire equity interest in Petitioner Kuhlmann Monitoramento Agrícola Ltda. ("KMA"), which operates in the field of cotton fiber. *Id.* at 4. KMA provides technical tests and analysis, agriculture support services, and business management consulting within the cotton industry. *Id.* at 2. The parties also entered into a Consulting Agreement whereby Mr. Kuhlmann would assist in developing KMA's business. *Id.* at 4. The Purchase Agreement imposed four principal duties on the Kuhlmanns, including non-solicitation, non-competition, avoidance of conflict of interest, and a duty of loyalty. *Id.* at 6.

In December 2021, Petitioners learned from Alexandre Spitz that Mr. Kuhlmann is an investor and shareholder in Gaivota, LLC. *Id.* at 1, 7. Gaivota, LLC is a Delaware limited liability company that is the owner and sole member of Gaivota Sistemas Inteligentes Ltda ("GSI"), a Brazilian limited liability company headquartered in São Paulo (collectively, "Gaivota"). *Id.* Gaivota is a developer of agricultural technology software and a competitor of Petitioners. *Id.*

Petitioners allege that after Bureau Veritas and BVQI purchased KMA, they discovered that the Kuhlmanns, acting directly or through affiliated companies like Gaivota, competed directly with KMA in violation of the Agreement to "divert clients, employees, and business opportunities." *Id.* at 6–7. More specifically, Petitioners allege that the parties executed the Agreement and Mr. Kuhlmann was terminated from KMA, Mr. Kuhlmann renewed a contract with one of KMA's most important clients, Bayer AG ("Bayer"), but used Gaivota's technology

Case No.: 5:22-mc-80132-EJD
ORDER GRANTING IN PART AND DENYING IN PART PETITION TO CONDUCT
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782
2

1  services as part of the contract to the detriment of KMA, which supplies its own comparable

2  technology and could have performed this function of the contract. *Id.* at 8. Mr. Spitz informed

3  Petitioners that Mr. Kuhlmann represented Gaivota during negotiations of the Bayer contract. *Id.*

4  Petitioners further allege that Mr. Kuhlmann pushed KMA to continue business with Gaivota. *Id.*

5  at 8–9. In sum, Petitioners assert that "Eduardo diverted clients, employees, and business

6  opportunities from KMA to third-party companies linked to him and his family" by taking

7  advantage of his position in Gaivota and convincing Petitioners' clients to use Gaivota services

8  instead, in direct breach of the Agreement. *Id.* at 9.

Petitioners ask the Court to authorize service of a subpoena pursuant to Federal Rule of Civil Procedure 45 on Gaivota, LLC, compelling the company to produce documents and provide deposition testimony related to the Kuhlmanns' involvement with Gaivota to determine the extent that they used their industry-specific knowledge to compete, and divert clients, employees, and business opportunities from Petitioners. *Id.* at 1, 10. In addition, Petitioners seek to serve subpoenas on two Gaivota employees, Mr. Spitz and Mr. Rajagopal, for testimony related to the same subject matter. *Id.*

## II.   LEGAL STANDARD

Title 28 United States Code Section 1782(a) provides federal court assistance in gathering evidence for use in foreign proceedings. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a).

Even where the statutory requirements are met, the district court retains discretion in determining whether to grant an application under § 1782(a) and "may impose conditions it deems desirable." *Intel Corp.*, 542 U.S. at 260 (quotations and citation omitted). In *Intel*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a § 1782(a) request. *Id.* at

1    264.  These considerations include: (1) "whether the person from whom discovery is sought is a

2    participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the

3    proceedings underway abroad, and the receptivity of the foreign government or the court or

4    agency abroad to U.S. federal-court judicial assistance;" (3) "whether the § 1782(a) request

5    conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a

6    foreign country or the United States;" and (4) whether the request is "unduly intrusive or

7    burdensome." *Id.* at 264–66.

### III.   DISCUSSION

#### A.   Statutory Factors

In analyzing whether a petitioner meets the statutory requirements, the Ninth Circuit adopted a three-step approach. *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). A petitioning party must show: (i) the person or entity from whom discovery is sought "resides or is found" in this district; (ii) the discovery must be for the purpose of "use in a proceeding" before a "foreign or international tribunal;" and (iii) this application must be made by an "interested person" in the foreign judicial proceeding." *Id.* The Court finds that Petitioners satisfy the statutory criteria of 28 U.S.C. § 1782(a) as to the two Gaivota employees but not with respect to Gaivota, LLC.

First, Petitioners satisfy the "resides or is found" requirement with respect to the two Gaivota employees, Ram Rajagopal, the Founder and Chief Scientific Officer, and Alexandre Spitz, the Co-Founder and Chief Executive Officer, because they reside in this district. Memo. at 11; *see* Dkt. Nos. 1-15, 1-16, 1-17, 1-18. Mr. Rajagopal resides in Santa Clara County and Mr. Spitz resides in the Bay Area. Memo. at 8.

However, Petitioners have not satisfied the first requirement with respect to Gaivota, LLC. In this district, business entities are "found" where the business is incorporated, is headquartered, or where it has a principal place of business. *See e.g.*, *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-MC-80215-WHO-TSH, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020)

Case No.: 5:22-mc-80132-EJD
ORDER GRANTING IN PART AND DENYING IN PART PETITION TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

4

("A business entity is 'found' in the judicial district where it is incorporated or headquartered."); *In re Super Vitaminas, S.A.*, No. 17-MC-80125-SVK, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (finding that an office within the district satisfies the requirement); *In re TPK Touch Sols. (Xiamen) Inc.*, No. 16-MC-80193-DMR, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016) (finding subpoenaed party was "found" within the district because it maintained an in-district office). Courts have also concluded that companies are found in a district where "they conduct systematic and continuous local activities in this district." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036–38 (N.D. Cal. 2016). There is no evidence that Gaivota, LLC is incorporated, headquartered, or has its principal place of business in this district.

Petitioners cite to *Edelman*, where the Second Circuit examined the legislative history of § 1782(a) and interpreted "found" as requiring nothing more than an individual's physical presence. *In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2002) (holding that an individual who lives and works abroad but traveled to the U.S. may be subpoenaed pursuant to § 1782(a) while "physically present" in the district). Petitioners allege that the "resides or is found" requirement is satisfied with respect to Gaivota, LLC because it "operates" and "conducts business" in this district. Memo. at 1, 3, 11. However, Petitioners have not provided sufficient information for the Court to conclude that the Gaivota, LLC operates or conducts business in this district. Gaivota, LLC is a holding company and the owner and sole member of GSI, a Brazilian limited liability company. GSI is headquartered in Brazil with its primary office located in São Paulo while Gaivota, LLC is incorporated in Delaware. Petition at 3; Dkt. No. 1-14; Dkt. No. 1-19. That two of its subsidiary's corporate officers reside in this district is insufficient to show Gaivota, LLC conducts business in this district.

Turning to the second requirement, Petitioners have demonstrated that the discovery is sought for use in a proceeding before a "foreign or international tribunal." The Supreme Court has held that "foreign or international tribunal" refers to governmental or intergovernmental bodies. *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 142 S. Ct. 2078, 2088 (2022). "Thus, a 'foreign tribunal' is

Case No.: 5:22-mc-80132-EJD
ORDER GRANTING IN PART AND DENYING IN PART PETITION TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

5

one that exercises governmental authority conferred by a single nation, and an 'international tribunal' is one that exercises governmental authority conferred by two or more nations." *Id.* This requirement is not limited to adjudicative proceedings that are pending; § 1782(a) may be invoked where such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp.*, 542 U.S. 241 at 258–59. Petitioners indicate that the requested discovery relates to "ongoing judicial proceedings in Brazil and an international tribunal in the International Chamber of Commerce" arising from the Kuhlmanns' breach of the Agreement. Petition at 3.

A Brazilian civil court in the Central Court of Rio De Janeiro partially granted Petitioners' Motion for Preliminary Injunction in Advance of Petitioners' Request for Arbitration. Dkt. No. 1-9; Memo. at 11. Petitioners subsequently filed a request for arbitration with the ICC alleging the Kuhlmanns' breach of contract. Dkt. No. 1-10. Furthermore, two additional proceedings are pending between Petitioners and the Kuhlmanns and their affiliated companies, including civil action initiated by KMA in the Civil Court of the District of Pinhais, Brazil, and criminal proceedings initiated by Petitioners in the Criminal Court of the District of Pinhais, Brazil, arising from the Kuhlmanns' alleged breach of contract and violation of civil and criminal laws. Supp. Brief at 5. Petitioners have indicated that these proceedings would be aided and supplemented by the discovery sought in the instant Petition. The civil and criminal proceedings in Brazil's court system clearly meet the requirements of a "foreign or international tribunal" under § 1782(a).

Finally, Petitioners satisfy the final prong. "Any interested person" includes "not only litigants before foreign or international tribunals, but also foreign and international officials as well as any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining the assistance." *Intel Corp.*, 542 U.S. 241 at 257 (quotations and citation omitted). Petitioners have demonstrated that they are active litigants in the Brazilian proceedings, thereby satisfying the "interested persons" requirement. Memo. at 12.

Accordingly, Petitioners have satisfied all statutory requirements with respect to the Gaivota employees. Because Petitioners have only satisfied two of the three statutory

Case No.: 5:22-mc-80132-EJD
ORDER GRANTING IN PART AND DENYING IN PART PETITION TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

6

requirements as to Gaivota, LLC, the Court ends its analysis with respect to the business entity.

### B. *Intel* Factors

The *Intel* discretionary factors weigh in favor of granting Petitioners' request with respect to the Gaivota employees.

Turning to the first factor, the Court finds that the material is not within the jurisdictional reach of the foreign proceeding. The relevant inquiry is whether the evidence is available to the foreign proceeding or tribunal "because in some circumstances, evidence may be available to a foreign tribunal even if it is held by a non-participant to the tribunal's proceedings." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1039; *see also In re Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016). "[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity. *In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568 at *4 (quotation marks omitted).

Here, Gaivota, LLC and the Gaivota employees, Mr. Spitz and Mr. Rajagopal, are not participants in the foreign proceeding. Petitioners seek information conveyed by Mr. Spitz regarding Mr. Kuhlmann's participation in negotiations of the Bayer contract, as well as information involving other Gaivota contracts since 2015 in which Mr. Kuhlmann was involved. Petition at 8–9. Petitioners allege that "Brazilian courts do not have extra-territorial jurisdiction over entities entirely outside the country's borders, and thus cannot directly order Gaivota, LLC to produce any discovery" and that the Gaivota employees "reside in the Bay Area, beyond the jurisdiction of Brazilian Courts." *Id.* at 13. Accordingly, this factor weighs in favor of granting Petitioners' request with respect to the Gaivota employees.

Likewise, the second factor favors granting the Petition. In consideration of the receptivity of the foreign court or tribunal, "[c]ourts conducting this analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In*

*re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. Petitioners assert that Brazil's criminal and civil codes of procedure allow for the use of legally obtained evidence from outside Brazil. Memo. at 14. Petitioners further contend that a Brazilian Courts' receptivity can be inferred from international treaties evidencing such willingness, noting that the U.S. and Brazil have entered into multiple treaties facilitating judicial assistance. *Id.* at 14–15 (citing Treaty with Brazil on Mut. Legal Assistance in Criminal Matters, S. Treaty Doc. No. 105-42 (Oct. 14, 1997); Inter-American Convention on Letters Rogatory Jan. 30, 1975, 14 I.L.M. 339 (1975); Vienna Convention on Consular Relations & Optional Protocol on Disputes, T.I.A.S. No. 6820 (Dec. 14, 1969)). Since there is nothing to suggest that the Brazilian civil or criminal courts would reject evidence obtained with U.S. federal-court assistance, this factor weighs in Petitioners' favor.

The third factor, which is whether an applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," also weighs in favor of granting Petitioners' request. *Intel Corp.*, 542 U.S. at 265. "A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis. Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (quotations and citations omitted). Petitioners assert that "[t]he documents and information Petitioners currently seek are not protected by any privilege or prohibition under Brazilian civil law, and a Brazilian court would have authority to enforce a subpoena for them if said court had jurisdiction to do so." Memo. at 16; Gama e Silva Decl., ¶ 31. They contend that such information would be discoverable if the Gaivota employees had a presence in Brazil. Memo. at 16. Absent any evidence that Petitioners are attempting to circumvent foreign proof-gathering restrictions, this factor also weighs in Petitioners' favor.

Finally, the Court must consider whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Courts have found discovery requests to be intrusive

or burdensome where they are overbroad and "not narrowly tailored temporally, geographically or in their subject matter." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1044. Petitioners' proposed subpoenas seek to depose Mr. Spitz and Mr. Rajagopal on the following topics:

1. The precise nature and amount of Eduardo's investment and/or ownership interest in GAIVOTA, from 2015-present.
2. The nature of the services or products offered by GAIVOTA.
3. The nature of GAIVOTA's relationship with Bureau Veritas, BVQI and/or KMA. 4. The nature of GAIVOTA's relationship with EDUARDO.
4. The nature of GAIVOTA's relationship with LEILA.
5. GAIVOTA's dealings, contracts or communications with EDUARDO and/or LEILA, from 2015-present.
6. Any and all transfers of ASSETS or capital between (to or from) GAIVOTA and EDUARDO from 2015-present.
7. EDUARDO's role in negotiating on GAIVOTA's behalf, including but not limited to in connection with its relationship with Bayer or KMA.
8. The relationship between EDUARDO and GAIVOTA's CEO A. Spitz, CTO Mateus Neves Barreto or Chief Scientific Advisor Ram Rajagopal.
9. YOUR knowledge of the dispute and underlying facts involving BUREAU VERITAS, BVQI, KMA, EDUARDO, and LEILA, in (a) the action currently pending in the Central Civil Trial Court of the Judicial District of the Capital of Rio de Janeiro, Brazil under civil case number GRERJ No. 43439207636-90, or (b) the action currently pending in the International Court of Arbitration of the International Chamber of Commerce under case number 26827/PFF.

Dkt. No. 1-4 at 9. Neither subpoena compels Mr. Spitz or Mr. Rajagopal to bring any documents with them. *See* Dkt. No. 1-4, Ex. A-2 and Ex. A-3. The Court concludes that these deposition topics are relevant and narrowly tailored to the requested subject matter and, therefore, are not unduly intrusive or burdensome.

Accordingly, the Court finds that the *Intel* factors strongly weigh in favor of granting Petitioners' requests to serve Section 1782 subpoenas to testify on Gaivota employees Mr. Spitz and Mr. Rajagopal.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Petitioners' Petition to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782. The Court finds that Petitioners meet the statutory criteria of § 1782(a) with respect to the two Gaivota

1  employees but not with respect to the Gaivota, LLC.  Because Petitioners' request as to the

2  Gaivota employees also meets the factors set forth by the Supreme Court in *Intel*, the Court

3  authorizes service of the proposed subpoenas to testify with respect to Mr. Spitz and Mr.

4  Rajagopal.  Petitioners' request to subpoena Gaivota, LLC for documents and testimony, however,

5  is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: August 17, 2022

EDWARD J. DAVILA
United States District Judge